**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**

**UHS OF PROVO CANYON,**

**Plaintiff,**

**vs.**

**ROBERT BLISS,**

**Defendant.**

**ORDER RE: PROCEDURES FOR EMERGENCY MOTION**

**Civil Case No. 2:24CV163-DAK**

**Judge Dale A. Kimball**

On February 29, 2024, Plaintiff filed a Motion for Temporary Restraining Order, and Expedited Discovery Order. In order to facilitate a prompt resolution of the motion and encourage communication between the court and parties, the court instructs counsel as to its procedures for emergency motions as follows:

**A. Ex Parte Temporary Restraining Order**

The court will rarely entertain requests for an ex parte order. In the rare instances in which such procedures are justified, counsel must closely adhere to all of the requirements of Federal Rule of Civil Procedure 65(b) and call chambers for further procedures.

**B. Notice to Defendant**

In all other circumstances, counsel must serve the motion upon Defendant(s). The court will not schedule a hearing on the motion until Plaintiff files a proof of service of the motion on Defendant(s).

**C. Hearing on Motion**

**(1) Expedited**

If Plaintiff desires that the briefing and/or hearing on the motion be expedited, Plaintiff must file a Motion to Expedite Briefing and/or Hearing within one day of the date of this Order, informing the court of the reasons why the regular briefing deadlines should be shortened and identifying any date by which the motion must be decided. The motion to expedite must also contain: (1) a proposed expedited briefing schedule for the motion; (2) an explanation of the type of hearing that is necessary on the motion (e.g., evidentiary or legal arguments); (3) an estimate of the amount of time necessary for the hearing; and (4) a statement as to whether Plaintiff's counsel has been in contact with counsel for Defendant(s) and/or whether counsel knows if Defendant has counsel.

The court will not schedule an expedited hearing until the party has complied with these conditions. Counsel do not need to provide the court with a proposed order on the Motion to Expedite. The court will enter its own Order. At the time the court enters an Order on the Motion to Expedite, if there has been no Notice of Appearance filed by counsel on behalf of Defendant(s), Plaintiff must serve the courts Order on Defendant(s) within 24 hours. To the extent that counsel for a Defendant wishes to oppose a motion to expedite, they should be aware that the court will issue a ruling as soon as practicable given the request for expedited consideration and the opposing party's regular time for opposing a motion is not applicable. Counsel for an opposing party should inform the court of their opposition as soon as possible.

**(2) Regular Timing**

If counsel does not desire an expedited hearing, DUCivR 7-1 provides that motions filed

pursuant to Rule 65 of the Federal Rules of Civil Procedure must be opposed within 14 days after service of the motion or within such time as allowed by the court. A reply memorandum is discretionary and may be filed within 14 days of service of the memorandum opposing the motion. If the court does not receive a Motion to Expedite, it will assume that the deadlines in DUCivR 7-1 apply. Within one day of the filing of the reply memorandum, the parties shall inform the court whether the hearing will be an evidentiary hearing with witnesses or only legal arguments, the number of witnesses the party intends to call, and the length of time the party believes is necessary for the hearing.

**(3) Witness Testimony**

In general, the court believes that the most efficient procedure with respect to witness testimony in support of a motion for preliminary injunction is to have direct witness testimony submitted in a declaration in connection with the briefing of the motion. If the opposing party wishes to cross-examine a witness, the witness should be present and available to testify at the hearing. The court understands, however, that every motion for preliminary injunction is unique. The parties should communicate regarding the most beneficial and efficient approach for witness testimony in their given case.

**D. Proposed Injunction or Restraining Order**

Plaintiff shall file a proposed Preliminary Injunction for the court that complies with Rule 65(d) of the Federal Rules of Civil Procedure and states the reasons for issuance of the order, its specific terms, a description of the act or acts restrained or required, and the persons bound by the order.

DATED this 1st day of March 2024.

BY THE COURT:

Dale A. Kimball

DALE A. KIMBALL
United States District Judge